Cullison v. Cullison.

---

JOSEPH CULLISON v. AMANDA CULLISON.

No. 14,533.     (85 Pac. 289.)

SYLLABUS BY THE COURT.

DIVORCE—*Limitation of Action.* The general statutes of limitation of this state have no application to suits for divorce.

Error from Stafford district court; JERMAIN W. BRINCKERHOFF, judge. Opinion filed March 10, 1906. Reversed.

*Israel Moore & Co.*, for plaintiff in error.

*Paul R. Nagle*, for defendant in error.

The opinion of the court was delivered by

GREENE, J.: The plaintiff in error brought a suit for divorce, alleging extreme cruelty. When he had introduced his evidence the court sustained a demurrer

thereto, on the ground that his cause of action was barred by the statute of limitations. It is agreed that the alleged cruelty and the separation occurred March 12, 1897, and the petition for divorce was filed August 6, 1904.

The attorneys are to be complimented for the brevity of the record. The case-made, the certificate of the judge thereto, and the filing of the clerk, together with the entry of appearance herein, cover less than one page, and present clearly all the questions in the case.

The law of divorce has been treated in this state as a separate subject, and article 28 of chapter 80 of the General Statutes of 1901 enumerates the causes for which divorces may be granted and the procedure therein. With the exception of the manner of obtaining service of summons, no reference is made directly or impliedly to other provisions of the code. The article contains no limitation upon the time within which the suit may be commenced. The general statutes of limitation either specifically name the different causes of action to which the limitations apply, or define the nature of such causes so that the different limitations and the causes to which they apply are easily understood. In these statutes none of the causes for divorce is specifically named, nor can any of such causes be classified with those which are defined in the general statutes.

Some states have fixed the time within which a suit for divorce may be commenced after an offense. With few exceptions, these statutes are generally applied to adultery. Independently of the statute, long delay in commencing the suit has frequently been taken into account in determining the sincerity of the party; but it has always been held a subject of explanation, and has never been held to be a bar. (2 Bish., Mar. Div. & Sep. §§ 410-437.)

The judgment is reversed.

All the Justices concurring.